852 F.2d 1293
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Robert D. GREEN, Petitioner,
v.
GENERAL SERVICES ADMINISTRATION, Respondent.
 No. 88-3120.
 United States Court of Appeals, Federal Circuit.
 June 14, 1988.
 
 Before NIES, ARCHER and MICHEL, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Robert D. Green seeks review of the decision of the Merit Systems Protection Board, Docket No. SE03518710291, sustaining the General Services Administration's decision to remove him from his position as Regional Counsel because that position was abolished during a reorganization reduction-in-force (RIF). That decision became final when the board declined review. We affirm.
 
 
 2
 Green merely restates the arguments he presented to the board: the agency's Regional Administrator, Edwin Thomas, lacked authority to abolish Green's position because the abolishment conflicted with the reorganization order and other agency reorganization directives. On appeal, Green asserts only that substantial evidence does not support the board's adverse findings of fact on those arguments. We disagree.
 
 
 3
 As Green recognizes, "an agency has considerable discretion in determining the positions to be abolished in RIF." He contends, however, that although Thomas had authority to eliminate one of the three positions in the Office of Regional Counsel, Thomas could not eliminate the "unique" position of Regional Counsel without changing the organizational restructuring, which was beyond his authority.
 
 
 4
 We agree with the board that elimination of the Regional Counsel position does not conflict with the organization outlined in the order and other directives. The order does not specify which particular positions should be eliminated during the reorganization. The agency's organizational manuals provide that a Regional Counsel head a Regional Office, and the present reorganization has a Regional Counsel, albeit from an adjacent region, head Green's former Regional Office. Thus, the reorganization implemented by Thomas is not "different" from the "official" organization contemplated by the order and other directives, and, thus, was within Thomas's authority.
 
 
 5
 Having considered the above and all Green's other arguments, we remain unconvinced that substantial evidence does not support the board's findings of fact. See Universal Camera Corp. v. NLRB, 340 U.S. 474, 477 (1951) (substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."). That standard of review does not direct or permit this court to decide which of two findings, the board's or that proposed by Green, is "more reasonable." As long as substantial evidence supports the board's decision, we must affirm. Cf. Fischer & Porter Co. v. United States Int'l Trade Comm'n, 831 F.2d 1574, 1577, 4 USPQ2d 1700, 1701-02 (Fed.Cir.1987). Accordingly, we affirm the board's decision.